JAMES LEMASTER and JUDY LEMASTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Le Master v. Commissioner
Docket No. 30153-82.
United States Tax Court
T.C. Memo 1984-184; 1984 Tax Ct. Memo LEXIS 488; 47 T.C.M. (CCH) 1495; T.C.M. (RIA) 84184; April 12, 1984. James LeMaster, pro se. Mark J. Miller, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $1,470 in petitioners' *489 Federal income taxes for 1979. The amount of $1,199 in dispute is self-employment tax on petitioner James LeMaster's earnings as a minister. Petitioner contends that he is exempt from such tax. Some of the facts have been stipulated, and the stipulation of facts is incorporated herein by this reference. Petitioners were residents of Medford, Wisconsin, at the time they filed their petition in this case. Petitioner James LeMaster (petitioner) is an ordained pastor of a Baptist church. At trial, petitioner testified that sometime during 1970 he signed some papers that he believes included an application for exemption from self-employment tax. He stated that the papers were signed in an Internal Revenue Service office in Memphis, Tennessee. Petitioner does not remember, however, just what papers he signed or when they were signed. He does not have a copy of the papers he signed, and neither respondent nor the Social Security Administration has a record of any application for exemption filed by petitioner. Section 1401(a) [1] imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance. The self-employment income of ministers *490 and certain others may be exempt under circumstances set forth in section 1402(e)(1). Under that section, a minister's self-employment income may be exempt from tax if the minister files an application for exemption "(in such form and manner, and with such official, as may be prescribed by regulations made under this chapter)." The application in this case was due no later than the due date of the return for the second taxable year for which petitioner had net earnings of $400 or more from self-employment as a minister. Section 1402(e)(2). The procedure for making the application is detailed in section 1.1402(e)-2A, Income Tax Regs., which specifies that the application must be made on Form 4361, in triplicate, and filed with a specified office of the Internal Revenue Service. The claimed exemption is not effective until the application is approved by an appropriate Internal Revenue officer. Section 1.1402(e)-2A(c). Petitioner here has the burden of proving that the application prescribed by the statute and the regulations *491 was duly filed. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Unfortunately for petitioner, his recollection is far too vague to be relied upon as evidence of his compliance with the specific and detailed statutory requirements. Even if an application on Form 4361 were among the papers signed by him during 1970 at the offices of the Internal Revenue Service, petitioner has not shown that the application was timely or that it was approved by the Internal Revenue Service. He has thus failed to carry his burden of proof. Petitioner had not contested any other adjustments in the notice of deficiency. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩